UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAO LIU,

                Plaintiff,

           -v.-

SOBIN CHANG,

                Defendant.

24 Civ. 9180 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    On November 29, 2024, Defendant Sobin Chang filed a notice of removal of this action from the Supreme Court of the State of New York, County of New York, to this Court. (Dkt. #1). On December 9, 2024, Defendant filed a supplemental declaration in support of her notice of removal. (Dkt. #6). The underlying civil action was filed on November 12, 2020, and Defendant answered on March 9, 2021. *See* Answer, *Liu* v. *Chang*, Index No. 656209/2020, ECF No. 21 (N.Y. Sup. Ct. Mar. 9, 2021). Defendant claims that, on March 1, 2021, she discovered the summons and complaint in a disorganized package of papers, which was first delivered to her building's doorman, and consequently that service of the complaint was improper. *See* Answer (Amended) at ¶¶ 65-85, *Liu* v. *Chang*, Index No. 656209/2020, ECF No. 23 (N.Y. Sup. Ct. Mar. 9, 2021). However, the Supreme Court found that the plaintiff had, in fact, established proof of service of the complaint. *See* Order, *Liu* v. *Chang*, Index No. 656209/2020, ECF No. 25 (N.Y. Sup. Ct. May 6, 2021). The Supreme Court entered a default judgment against Defendant on January 3, 2023. *See* Decision and Order, *Liu* v. *Chang*, Index

No. 656209/2020, ECF No. 73 (N.Y. Sup. Ct. Jan. 3, 2023). It twice declined to vacate the judgement. *See* Order, *Liu* v. *Chang*, Index No. 656209/2020, ECF No. 98 (N.Y. Sup. Ct. Mar. 20, 2023); Decision and Order, *Liu* v. *Chang*, Index No. 656209/2020, ECF No. 164 (N.Y. Sup. Ct. Aug. 23, 2023). Subsequently, the same plaintiff brought a special proceeding (known as a "turnover" action) in the Supreme Court of the State of New York, County of New York, seeking to freeze Defendant's financial accounts so that the plaintiff could secure payment of the judgment. *See* Verified Petition, *Liu* v. *Chang*, Index No. 654560/2023, ECF No. 1 (N.Y. Sup. Ct. Sept. 18, 2023). An affidavit of service of the petition was filed on September 26, 2023. *See* Affidavit of Service, *Liu* v. *Chang*, Index No. 654560/2023, ECF No. 21 (N.Y. Sup. Ct. Sept. 26, 2023). Defendant answered a month later. *See* Answer in Special Proceeding, *Liu* v. *Chang*, Index No. 654560/2023, ECF No. 34 (N.Y. Sup. Ct. Oct. 31, 2023). The action is still ongoing.

On November 27, 2024, Defendant attempted to remove the New York Supreme Court action on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal, *Liu* v. *Chang*, No. 24 Civ. 9171 (AS), Dkt. #1 (S.D.N.Y. Nov. 27, 2024). The notice referred to both the underlying breach of contract action (by its index number) and, more generally, to the turnover proceeding. Judge Subramanian promptly remanded it to the Supreme Court of the State of New York, County of New York. *See* Order ("Remand Order"), *Liu* v. *Chang*, No. 24 Civ. 9171 (AS), Dkt. #12 (S.D.N.Y. Dec. 13, 2024). Judge Subramanian found that Defendant's notice of removal

was improper for two reasons: (i) it was untimely, as it must "be filed within 30 days after the receipt by the defendant ... of a copy of the initial pleading," 28 U.S.C. § 1446(b)(1), but Defendant filed it nearly four years after she received the complaint and summons; and (ii) as Defendant is a New York domiciliary, her attempt to remove the action violated the prohibition on in-state defendants removing civil actions solely on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1441(b)(2). *See* Remand Order at 2.

In its analysis of the instant, related notice of removal arising out of the same state court action(s) (Dkt. #1), the Court agrees with Judge Subramanian's analysis and decision to remand. Defendant makes essentially the same arguments in the notice of removal before this Court, including that her basis of removal is diversity jurisdiction, though she claims she is a New York domiciliary. (*Id.* at 1-2). In the notice, Defendant refers to *both* the underlying breach of contract action and the turnover action by their respective index numbers. (*See id.*). Unlike in Judge Subramanian's case, however, in a supplemental declaration, Defendant argues that (i) the basis of removal is federal question jurisdiction; (ii) she is not, in fact, a New York domiciliary; and (iii) the late hour of her filing can be excused by the discovery of new evidence. (*See* Dkt. #6). The Court addresses each argument in turn and reaches the same conclusion as did Judge Subramanian.

First, Defendant claims that "[t]his case raises substantial questions of federal law based on Plaintiff's actions, which include" violations of various federal statutes related to money laundering and fraud. (Dkt. #6 at 1-4). But

3

Defendant misapprehends the law regarding removal of actions based on federal question jurisdiction. Of course, any civil action brought in state court over which a federal district court has original jurisdiction may be removed by the defendant to federal district court. 28 U.S.C. § 1441(a). And the district courts have original jurisdiction over all civil actions arising under federal law. *Id.* § 1331. But here, the underlying action does not arise under federal law because it is one for breach of a lease contract. *See* Verified Complaint, *Liu* v. *Chang*, Index No. 656209/2020, ECF No. 1 (N.Y. Sup. Ct. Nov. 12, 2020). Federal law does not "create[] the cause of action asserted." *Gunn* v. *Minton*, 568 U.S. 251, 257 (2013). Likewise, there is no "federal issue" that is "[i] necessarily raised, [ii] actually disputed, [iii] substantial, and [iv] capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258. A garden-variety action for breach of a lease contract does not amount to a "claim[] recognized under state law that nonetheless turn[s] on substantial questions of federal law." *Grable & Sons Metal Prods, Inc.* v. *Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). To the extent Defendant is in fact seeking to remove *the turnover action*, that, too, is a matter of state and not federal law. *See generally* Verified Petition, *Liu* v. *Chang*, Index No. 654560/2023, ECF No. 1 (N.Y. Sup. Ct. Sept. 18, 2023) (citing N.Y. C.P.L.R. § 5225). Moreover, *Defendant's* assertion of federal claims is inapposite. When a defendant seeks to remove an action based on federal question jurisdiction, the question is whether *the complaint*, on its face, raises an issue of federal law, *not* whether the defendant's answer or counterclaim

raises a federal issue. *See Domnister* v. *Exclusive Ambulette, Inc.*, 607 F.3d 84, 88 (2d Cir. 2010) (citing *Metro. Life Ins. Co.* v. *Taylor*, 481 U.S. 58, 63 (1987)). Here, Defendant raises federal issues in her supplemental declaration (*see* Dkt. #6), but these assertions do not establish federal question jurisdiction, and, therefore, the action cannot be removed on that basis.

Second, Defendant claims the forum defendant rule does not bar removal because she "vacated [her] New York residence of record in October 2023" and has "been traveling and working out of state and abroad, spending less than 5% of [her] time in New York." (Dkt. #6 at 6). Assuming the Court ought to credit this *volte-face*, it is irrelevant to whether Defendant can remove the state court action based on *federal question* jurisdiction, and as for its relevance to removal based on diversity jurisdiction, (i) Defendant was still a New York domiciliary at the time the complaint was filed and (ii) even if that were not the case, Defendant's notice of removal is untimely. As discussed, diversity cases may be removed to federal court only if no defendant is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(b)(2). "Where removal is predicated upon diversity, a case is not removable unless the parties were diverse not only at the time removal is sought but at the time the state court complaint was filed." *Vasura* v. *Acands*, 84 F. Supp. 2d 531, 535 (S.D.N.Y. 2000). Taking Defendant at her word, the parties were diverse when the state court complaint was filed in the breach of contract action (and when the petition was filed in the turnover action, too). Even if that were not so, Defendant's notice of removal is untimely. A civil action cannot be removed

5

under section 1446(b)(3) on the basis of diversity jurisdiction "more than [one] year after commencement of the action, unless plaintiff has acted in bad faith in order to prevent [the] defendant from removing the action." 28 U.S.C. § 1446(c)(1).  It has been far more than one year since Defendant received notice of the breach of contract action (and more than one year since Defendant received notice of the turnover action).  Moreover, there is no evidence that Plaintiff has acted in bad faith to prevent Defendant from removing the action.  Therefore, despite her revised claims, Defendant cannot remove the action on the basis of diversity jurisdiction.

Finally, Defendant claims that removal is justified based on evidence "discovered shortly after filing the Notice of Removal." (Dkt. #6 at 7-8).  If a case as "stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  This provision always applies to cases removed based on federal question jurisdiction, but it only applies to cases removed based on diversity jurisdiction if it has not been more than one year after commencement of the action (unless the district court finds that the plaintiff has acted in bad faith to prevent the defendant from removing the action).  *See id.* §§ 1441(b)(3), 1441(c)(1).  As discussed, the Court finds no basis for federal question jurisdiction or diversity jurisdiction because, respectively, the action does not

6

arise under federal law, and the forum defendant rule bars removal. Therefore, Defendant's supposed newly discovered evidence is irrelevant.

For the above reasons, Defendant's attempt to remove this civil action is improper. The Clerk of Court is directed to remand this action to the Supreme Court of the State of New York, County of New York.

SO ORDERED.

Dated:   December 17, 2024
         New York, New York

                                              KATHERINE POLK FAILLA
                                              United States District Judge